IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles M. Steele, | : | |
| Plaintiff | : | Civil Action 2:14-cv-2017 |
| v. | : | Judge Sargus |
| Gary Morh, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**INITIAL SCREENING**
**REPORT AND RECOMMENDATION**

Plaintiff Charles M. Steele, an inmate at Chillicothe Correctional Institution ("CCI"), brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to

---

[1] The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges that on December 27, 2012 plaintiff Charles M. Steele filed an action in the Ohio Court of Claims that was dismissed on September 19, 2013. The judgment entry was mailed to Steele at the Chillicothe Correctional Institution. However, in March 2013 Steele had moved to the Cuyahoga County Jail, Complaint, ¶ 15, but he had not advised the Court of Claims of his change in address. The judgment entry was mailed to him at the CCI and was returned as undeliverable. The complaint alleges that "some one at the Chillicothe Correctional Institution instructed the Mail Office to hold that particular piece of mail until after the requisite amount of time for Mr. Steele to perfect a timely appeal." *Id.*, ¶ 13. The staff at CCI "held the mail from the Court of Claims because that particular suit was against The Chillicothe Correctional Institution." *Id.*, ¶ 16. The CCI staff "specifically held the mail from the Court of Claims because that particular suit was against The Chillicothe Correctional Institution." *Id.*, ¶

---

> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

16. When the mailing was returned to the Court of Claims, it was mailed to Steele at the Cuyahoga County Jail the very next day. *Id.*, ¶ 19. The Ohio Court of Appeals for the Tenth Appellate District denied plaintiff's motion for leave to file a delayed appeal. *Id,* ¶ 14.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,* 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

The complaint here does not give defendants fair notice of the claims against them. There is no allegation that any defendant took an action to deprive plaintiff of a constitutional right. All the complaint alleges is that some unidentified "staff" at CCI intentionally delayed his receiving notice of the Court of Claims' judgment until after the time to file an appeal had expired. That is insufficient to put the named defendants on notice as to what conduct they engaged in that denied plaintiff a constitutional right.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

        s/Mark R. Abel
        United States Magistrate Judge