IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles M. Steele, | : | |
| Plaintiff | : | Civil Action 2:14-cv-2017 |
| v. | : | Judge Sargus |
| Gary Morh, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# Report and Recommendation

Plaintiff Charles M. Steele, a State prisoner, brings this action under 42 U.S.C. §1983.  This matter is before the Magistrate Judge on plaintiff Steele's November 7, 2014 motion for a preliminary injunction (doc. 5).

A court must assess four factors in deciding whether to issue a preliminary injunction:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.

*McPherson v. Michigan High Sch. Athletics Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997)(*en banc*)(quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000).  "The four considerations applicable to preliminary injunction decisions are factors to be balanced,

not prerequisites that must be met." *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

Plaintiff's motion is not supported by an affidavit or other evidence demonstrating plaintiff is entitled to injunctive relief. Further, the Magistrate Judge's November 10, 2014 Report and Recommendation recommends dismissal of the complaint for failure to give defendants fair notice of what action each took to deprive plaintiff of a constitutional right. Consequently, it does not appear at this time that there is a strong probability plaintiff will prevail on the merits of his claims.

The Magistrate Judge RECOMMENDS that plaintiff Steele's November 7, 2014 motion for a preliminary injunction (doc. 5) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of

issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

                                                        s/Mark R. Abel
                                                        United States Magistrate Judge