**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHARLES M. STEELE,**
    **Plaintiff,**
  **v.**

    **Civil Action 2:14-cv-2017**
    **CHIEF JUDGE EDMUND A. SARGUS, JR.**
    **Magistrate Judge Mark R. Abel**

**GARY MOHR, et al.,**
    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objections (ECF Nos. 11, 15) to the Magistrate Judge's Initial Screening Report and Recommendation (ECF No. 6), which recommended that Plaintiff's Complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Initial Screening Report and Recommendation.

The Initial Screening Report and Recommendation sets forth Plaintiff's allegations in detail. Plaintiff is currently incarcerated at Chillicothe Correctional Institution ("CCI"). In his Complaint, Plaintiff asserts that, following his transfer from CCI to Cuyahoga County Jail, a judgment from the Ohio Court of Claims was mailed to CCI and marked undeliverable. Plaintiff claims that the CCI staff held the judgment before returning it to the Court, thereby rendering a potential appeal from Plaintiff untimely. According to Plaintiff, CCI held the judgment because it concerned a case that Plaintiff had filed against CCI. One day after receipt of the undeliverable judgment, the Court of Claims mailed the judgment to Plaintiff at the Cuyahoga County Jail. The Ohio Court of Appeals for the Tenth District denied Plaintiff's subsequent motion for leave to file a delayed appeal.

1

Upon review of Plaintiff's Complaint, the Magistrate Judge found that the Complaint did not meet the requirements of notice pleading pursuant to Federal Rule of Civil Procedure 8(a), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Though *pro se* complaints should be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)).

The Magistrate Judge determined that Plaintiff's Complaint failed to give Defendants fair notice of the claims against them. (ECF No. 6 at 3.) The Magistrate Judge found that there was "no allegation that any [D]efendant took an action to deprive [P]laintiff of a constitutional right." (*Id.*) Rather, the Complaint merely alleges "that some unidentified 'staff' at CCI intentionally delayed [Plaintiff's] receiving notice of the Court of Claims' judgment until after the time to file an appeal had expired." (*Id.*) The Magistrate Judge concluded that Plaintiff's Complaint was "insufficient to put the named [D]efendants on notice as to what conduct they engaged in that denied [P]laintiff a constitutional right." (*Id.*)

On November 24, 2014 and December 15, 2014, Plaintiff filed Objections to the Magistrate Judge's Initial Screening. (ECF Nos. 11, 15.) In his first objection, Plaintiff contends that "there can be no dispute that the Defendant[s] have been given fair notice because this case was presented to them in the State Courts." (ECF No. 11 at 3.) He further asserts that he has met the Rule 8(a) pleading requirements, and his Complaint, therefore, should not be dismissed at this stage in the proceedings. (*Id.* at 4-5.) In his second objection, Plaintiff focuses primarily

on access to the courts. Plaintiff asserts that CCI is denying him access to the courts, and they are doing so, at least in part, by limiting his library privileges. (ECF 15 at 4-5.) Plaintiff further argues that he has stated a claim for relief pursuant to 42 U.S.C. § 1983, alleging that many of his constitutional rights, specifically those protected under the Sixth Amendment, have been violated. (*Id.* at 5.)

This Court finds that Plaintiff has not stated a claim upon which relief can be granted. Though *pro se* complaints must be construed liberally, they must still meet the pleading standards set forth in the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678; *Erickson*, 551 U.S. at 94. Here, Plaintiff's Complaint repeatedly cites alleged violations committed by "the Staff" at CCI that infringed on Plaintiff's rights. (ECF No. 4.) A claim brought pursuant to 42 U.S.C. § 1983 "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Joseph v. Curtin*, 410 F. App'x 865 (6th Cir. 2010) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). As the Magistrate Judge noted, Plaintiff's statements do not fulfill the requirements of notice pleading, nor demonstrate constitutional violations. Thus, Plaintiff has failed to present claims on which relief can be granted.

For the reasons stated above, Plaintiff's Objections (ECF Nos. 11, 15) are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Initial Screening Report and Recommendation (ECF No. 6). Accordingly, the Motion for Preliminary Injunction (ECF No. 5) and the related Report and Recommendation (ECF No. 9) are **MOOT**. This matter is hereby **DISMISSED**.

**IT IS SO ORDERED.**

4 - 15-2015

**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**